15268

CITY OF ANDERSON v. ASHLEY

(14 S. E. (2d), 897)

*Mr. Ernest B. Castles,* for the appellant,

*Mr. A. H. Dagnall,* for respondent,

May 29, 1941.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE BONHAM.

The appellant was tried in the City Court of Anderson, by the Recorder, with a jury, on a charge of driving his auto-

mobile while he was under the influence of intoxicating liquors, and was convicted. The Recorder sentenced him to serve thirty days on the public works of Anderson County or pay a fine of $52.50. He gave verbal notice of his intention to appeal to the Court of General Sessions. He was released in the custody of his counsel in order that he might secure bondsmen. This he did, and the chief of police accepted the bond and released defendant. The trial was held on the 6th of January. On the 7th day of January appellant's counsel served on the chief of police written notice of intention to appeal, with the grounds of appeal.

The following appears in the Transcript of Record.

"The Recorder, in his return to the Court of General Sessions, raised the point that the notice of appeal had not been served on him personally, and before the appeal was heard by his Honor, Judge Gaston, Counsel for the City orally moved the Court to dismiss the appeal on the ground that it had not been served on the Recorder personally. After a statement by Counsel for the Defendant and after quotation of several authorities, Judge Gaston agreed to hear the appeal on its merits on promise of counsel for the Defendant to get a statement from the Recorder to the effect that he had told Defendant's counsel to serve the papers on the Chief for him. This the Recorder refused to do.

"The Circuit Judge affirmed the judgment of the Recorder's Court."

Section 954 of the Code of 1932 is as follows: "Any party shall have the right to appeal from the sentence or judgment of the recorder to the city council of the city, or the Court of General Sessions of the county in which the trial is held: *Provided, however,* Notice of intention so to appeal be given in writing and served on the recorder within twenty-four hours after sentence is passed or judgment rendered, and the party appealing do enter into bond, payable to such city, to appear and defend such appeal at the next meeting of the city council of such city, or the next term of said Court of

General Sessions, as the appeal may be taken, in such amount and with such sureties as the recorder may determine."

It is plain that the intention to appeal, with the grounds of appeal, was not served on the Recorder. The Circuit Judge had no other course open to him than to affirm the judgment of the Recorder's Court.

The judgment of the Circuit Court is affirmed, and the appeal is dismissed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.